

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00231-CV

---

LESME FONT, AND ALL OTHER OCCUPANTS RESIDING AT 5631 FOREST
CANYON, APPELLANTS

V.

QUM QASR SERIES LLC - BIGARREN, APPELLEE

---

On Appeal from the County Court at Law No. 10
Bexar County, Texas
Trial Court No. 2021CV03806, Honorable Cesar Garcia, Presiding

---

January 30, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

This appeal arises out of a foreclosure sale of a home in Bexar County, Texas by a homeowner's association. Appellants, Lesme Font and all other occupants (collectively the "Font Parties"), file this appeal from a jury trial and judgment of eviction in favor of the buyer of the home, Appellee, Qum Qasr Series LLC–Bigarren ("Qum Qasr"). The Font Parties raise the following issues: (1) the trial court lacked jurisdiction; (2) the trial court erred by permitting a late trial amendment; (3) the evidence of a landlord-tenant

relationship was insufficient for eviction; and (4) Qum Qasr lacked standing to bring the suit. We affirm.[1]

## BACKGROUND

The Font Parties are owners and occupants of certain residential property which is subject to a homeowner's association located in Bexar County, Texas. In 2018, the homeowner's association obtained a default judgment against the Font Parties, entitling it to foreclose on the property through a non-judicial foreclosure. In 2020, to prevent the spread of COVID infections, executive orders were issued by the Bexar County Judge, Nelson W. Wolff, canceling all foreclosure sales during the month of August. The homeowner's association exercised a non-judicial foreclosure on the Font Parties' home in August 2020 and sold it to Qum Qasr.

The Font Parties remained on the property after the foreclosure sale, and Qum Qasr gave them a notice to vacate. When the Font Parties refused to vacate the premises, Qum Qasr filed an action for forcible detainer in the justice court. The Font Parties simultaneously filed a suit in district court to determine title based on the county judge's orders canceling foreclosure sales. The justice court dismissed for lack of jurisdiction, and Qum Qasr appealed to the county court at law for a trial de novo. In the county court, the Font Parties filed a plea to the jurisdiction based on their pending title dispute in district court.

---

[1] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between the precedent of the Fourth Court of Appeals and this Court, this appeal will be decided in accordance with the precedent of the Fourth Court of Appeals. TEX. R. APP. P. 41.3.

The county court initially granted the Font Parties' plea to the jurisdiction and abated the case until the resolution of the companion district court title dispute. Qum Qasr then filed a petition for writ of mandamus to the Fourth Court of Appeals. The Court of Appeals granted the petition and directed the county court to consider the question of possession. *In re Qum Qasr Series LLC*, No. 04-22-00228-CV, 2022 Tex. App. LEXIS 4054, at *5–8 (Tex. App.—San Antonio June 15, 2022, no pet.) (mem. op.). The county court conducted a jury trial on the merits which resulted in a judgment in favor of Qum Qasr. This appeal followed.

## ANALYSIS

### ISSUES ONE, THREE, AND FOUR—JURISDICTION OF THE COUNTY COURT

The Font Parties' first issue argues the county court did not have jurisdiction over the matter because of the parties' pending title dispute in the district court.[2] Their third issue claims the trial court erred in maintaining jurisdiction over the suit because of a lack of evidence of a written lease, while their fourth issue argues Qum Qasr did not have standing to bring the forcible detainer. The Fourth Court of Appeals, from whom this case was transferred, previously disposed of these issues in its opinion on Qum Qasr's petition for writ of mandamus. *In re Qum Qasr Series LLC*, No. 04-22-00228-CV, 2022 Tex. App. LEXIS 4054, at *4–7. The Fourth Court of Appeals determined:

> (1) the issue of title and possession are not so interwoven so as to deprive the county court of jurisdiction to determine right of possession;

---

[2] The Font Parties also raised, but did not brief, an issue regarding the propriety of the trial court's granting Qum Qasr's motions in limine. The Court is not required to consider matters which are inadequately briefed, and we decline to do so here. TEX R. APP. P. 38.1(i); 38.9; *Shockley v. Yalk*, No. 07-22-00128-CV, 2023 Tex. App. LEXIS 938, at *1–2 (Tex. App.—Amarillo Feb. 14, 2023, no pet.) (mem. op., per curium).

(2) a written lease was unnecessary to demonstrate a landlord-tenant relationship as required for a forcible detainer action because the declarations of the subdivision where the property is located provides the Font Parties will be tenants at sufferance if they fail to vacate the property after foreclosure; and

(3) the foreclosure deed is prima facie evidence of valid title of Qum Qasr, and the presumed validity of Qum Qasr's title entitles it to prosecute the forcible detainer action.

*Id.*

Because the Fourth Court of Appeals already determined the county court at law had jurisdiction over the matter, the Font Parties are tenants at sufferance, and Qum Qasr had standing to bring the action under its foreclosure deed, we are not permitted to revisit these issues. TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251, 254–58 (Tex. 2022) (the court to which a case is transferred must abide by the precedent and *stare decisis* of the transferring court). Accordingly, the Font Parties' first, third, and fourth issues are overruled.

ISSUE TWO—TRIAL AMENDMENT

The Font Parties' second issue complains the trial court erred by giving leave to Qum Qasr to make an amendment to its pleadings on the eve of trial. Until trial, Qum Qasr pleaded forcible detainer under section 24.002(a)(2) of the Texas Property Code. Before voir dire commenced and during the pretrial conference on motions in limine, the Font Parties argued to the trial court it should dismiss the forcible detainer because section 24.002(a)(2) requires the existence of a lease agreement, and Qum Qasr's pleadings were fatally flawed because the pleadings stipulated there was no lease. The Font Parties further argued to the trial court section 24.002(a)(1) did not require the

4

existence of a lease. In response, without adopting the Font Parties position and out of an abundance of caution, Qum Qasr moved for leave to amend its pleadings to proceed under both section 24.002(a)(1) and (2). Because the Font Parties brought up the supposed defect in the pleadings, the trial court determined there was no surprise or prejudice to them, and it granted leave to amend. The Font Parties now complain they were prejudiced at trial by the amendment because they were prevented from employing their defensive strategy based upon lack of evidence of a lease. As described below, we hold the Font Parties suffered no prejudice because their construction of § 24.002(a)(2) requiring proof of a written lease is incorrect.

We review matters of statutory construction as questions of law with the goal of determining and giving effect to the Legislature's intent. *Hegar v. Am. Multi-Cinema*, *Inc.*, 605 S.W.3d 35, 40 (Tex. 2020) (citations omitted). In doing so, we look first and foremost to the plain and common meaning of the statute's words and to the definitions it provides, unless a different meaning is apparent from the context. *Id.* (internal quotations omitted); TEX. GOV'T CODE ANN. § 312.002. The language of section 24.002(a)(2) of the forcible detainer statute provides:

> A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person: . . . is a **tenant at will or by sufferance**, including an occupant at the time of foreclosure of a lien superior to the tenant's lease[.]

TEX. PROP. CODE ANN. § 24.002(a) (emphasis added).

Under the plain and ordinary meaning of the statute, a "tenant at sufferance" who "refuses to surrender possession of real property" is a person who "commits a forcible

5

detainer." The statute's language, contrary to the Font Parties' assertion, does not express any requirement a lease existed prior to the formation of a tenancy at sufferance. Ordinarily, a plaintiff must provide proof of a landlord-tenant relationship in order to prevail in a forcible detainer action. *Hinojosa v. Fin. of Am. Reverse, LLC*, No. 04-19-00787-CV, 2021 Tex. App. LEXIS 2438, at *3–4 (Tex. App.—San Antonio Mar. 31, 2021, no pet.) (mem. op.) (citations omitted). However, a landlord-tenant relationship may be established by an instrument which includes a tenancy-at-sufferance clause creating a landlord-tenant relationship when the property is foreclosed by a non-judicial foreclosure sale. *Id.* Based on evidence of a landlord-tenant at sufferance relationship, the issue of possession may be determined independent of title, even if a tenant at sufferance challenges the deed of trust. *Id.*

In this case, as mentioned above, the Fourth Court of Appeals already determined the Font Parties to be "tenants at sufferance" under the declarations of the homeowners association, and Qum Qasr offered the declarations as evidence at trial. Thus, Qum Qasr sufficiently proved at trial the Font Parties were tenants at sufferance under section 24.002(a)(2). Qum Qasr did not require a trial amendment, and the granting of leave by the trial court for a trial amendment was a superfluous act which had no substantive effect on the outcome of the trial. Under these circumstances, we cannot say the Font Parties suffered any prejudice from the trial court's actions.

The trial court did not abuse its discretion. We overrule the Font Parties' second issue.

6

**CONCLUSION**

The trial court's judgment is affirmed.

Alex Yarbrough<br>
Justice